UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRY LOHR,

    Plaintiff,

v.                                                           Case No.:

HARVARD COLLECTION SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff SHERRY LOHR ("Plaintiff"), by and through her undersigned counsel, seeks redress for the unlawful practices of Defendant, HARVARD COLLECTION SERVICES, INC. ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"), and in support thereof, alleges the following:

## NATURE OF THE ACTION

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt

collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including:

> (5) The threat to take any action that cannot legally be taken or is not intended to be taken.
>
> […]
>
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

5. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or

unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

## II. THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

6. "The Florida Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." *In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

7. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
>
> […]
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72.

8. As set forth in more detail below, Defendant's written communications to Plaintiff violate the aforementioned and/or foregoing provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiff's FCCPA claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and/or omissions giving rise to this action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts business in this State and this District.

## PARTIES

12. At all times materials hereto, Plaintiff is natural person and a citizen of the State of Florida, residing in Hernando County, Florida.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(a).

14. Defendant is a foreign profit corporation, registered with the Florida Department of State as such, doing business in Florida.

15. Defendant holds itself out as a business providing debt collection services and identified itself as a "debt collector" when communicating with Plaintiff.

16. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

20. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

21. At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

22. Plaintiff is alleged to owe a financial obligation to "PEDRICK CAPITAL PARTNERS II" bearing an account number ending in "7197" in the amount of $3,144.00 (hereinafter, the "Alleged Debt."

23. Upon information and belief, the Alleged Debt consists of amounts allegedly due for medical services provided to Plaintiff.

24. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

25. On or about April 4, 2016, Defendant sent or caused to be sent a collection letter to Plaintiff (hereinafter "Defendant's Collection Letter"). A true and correct copy of Defendant's Collection Letter is attached hereto as "Exhibit A".

26. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

27. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by

Defendant to collect the Alleged Debt from Plaintiff.

28. Defendant's Collection Letter states that "The IRS requires financial institutions to annually report all debt cancellations of $600 or more." This language implies that any settlement of the Alleged Debt for less than the full amount owed is required by law to be reported to the IRS.

29. While 26 U.S.C. § 6050P requires any applicable entity discharging (in whole or part) any person's debt during any calendar year to make a return setting forth certain information about the individual and the discharge unless the discharge is for less than $600.00, the associated regulation explains in part that there are several exceptions to this requirement to file a Form 1099-C with the IRS, such as the discharge of an amount of indebtedness that consists of interest and non-principal amounts in certain lending transactions, including lines of credit. *See,* 26 U.S.C. 6050P(a)-(b); 26 C.F.R. § 1.6050P-1(a), (d)(2)-(3).

30. Defendant's Collection Letter does not disclose any of the numerous exceptions to the IRS reporting requirement.

31. Defendant's Collection Letter states that the "Amount Owed" on the Alleged Debt is $3,144.00.

32. Defendant's Collection Letter offers to settle the Alleged Debt for $2,043.60. This settlement offer represents $1,100.40 reduction in the amount of the Alleged Debt.

33. Defendant's Collection Letter does not state what portion of the aforementioned offer of debt reduction consists of interest, late fees and/or other non-principal amounts.

34. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant knew what portion of the aforementioned offer of debt reduction consists of interest, late

fees and/or other non-principal amounts yet chose not to include that information in Defendant's Collection Letter.

35. Upon information and belief, at least $500.41 of the amount of the aforementioned offer of debt reduction consists of interest, late fees and/or other non-principal amounts.

36. Defendant's Collection Letter states that "If the principal balance discharge is $600 or more, our client is required to report the discharge to the IRS."

37. Upon information and belief, the settlement offer contained in Defendant's Collection Letter could not possibly create a reportable event such that Defendant's client would be required to report a discharge to the IRS.

38. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes/regulations, that its Client could not make a report to the IRS with respect to a settlement of the Alleged Debt for any amount less than the full amount owed.

39. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes/regulations, documents and/or information provided to Defendant by the creditor(s) of the Alleged Debt, the underlying agreement creating the Alleged Debt, and/or account statements for the Alleged Debt, that its Client could not make a report to the IRS with respect to a settlement of the Alleged Debt on the terms offered in Defendant's Collection Letter.

40. Defendant is not required by law to include the IRS reporting language in Defendant's Collection Letter.

41. Defendant's inclusion of the IRS reporting language in Defendant's Collection Letter is a collection ploy designed to deceive or mislead Plaintiff into thinking that the IRS would

be notified in the event that Plaintiff settled the Alleged Debt for any amount less than the current balance due and/or on the terms offered in Defendant's Collection Letter.

42. All conditions precedent to the filing of this action have been performed or waived.

## COUNT I – VIOLATION OF THE FDCPA

43. Plaintiff re-asserts and re-alleges paragraphs 1 through 42 as if fully restated herein.

44. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also*, *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

45. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

46. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated**

**consumer**…" (emphasis added) (internal quotations and citations omitted)).

47. Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff by and through Defendant's Collection Letter. In doing so, Defendant violated the FDCPA, to wit:

    a. Sections 1692e and 1692e(10) by implying, by way of the IRS reporting language, that any settlement of the Alleged Debt for less than the current balance due would be reported to the IRS. *See, e.g., Kaff v. Nationwide Credit, Inc.*, 13CV5413SLTVVP, 2015 WL 12660327, at *6 (E.D.N.Y. Mar. 31, 2015)("This Court has already concluded that the disputed statement included in the collection letter sent by Nationwide to Kaff was not strictly true under all circumstances because it failed to apprise debtors that possible exceptions could apply to the creditor's mandatory reporting requirement"). This implication is material in that it would impact the least sophisticated consumer's decision making process. *Id.*

    b. Sections 1692e and 1692e(10) by including the IRS reporting language in Defendant's Collection Letter. The inclusion of this language is a collection ploy designed to deceive or mislead Plaintiff into thinking that the IRS would be involved in the settlement of the Alleged Debt on the terms offered. *See, e.g., Foster v. Allianceone Receivables Mgt., Inc.*, 15-CV-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016)("mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead 'a person of modest education and limited commercial savvy.' As a consumer may forego his or her rights related to the disputed debt, by settling the matter without negotiation due to this deception, the statement in question is material."); *Velez v. Enhanced*

*Recovery Co., LLC*, CV 16-164, 2016 WL 1730721, at *2-3 (E.D. Pa. May 2, 2016).

c. Sections 1692e and 1692e(10) by including the IRS reporting language in Defendant's Collection Letter without disclosing what amount of the Alleged Debt consists of principal as opposed to interest, fees and/or other non-principal amounts. This statement and omission would impair the least sophisticated consumer's ability to respond to Defendant's Collection Letter. *See, e.g., Schendzielos v. Borenstein*, 15-CV-00564-RBJ, 2016 WL 614473, at *8 (D. Colo. Feb. 16, 2016)(recognizing that "statements and omissions" are materially misleading where they "could impair the average debtor's ability to make an intelligent decision about how to respond").

d. Sections 1692e and 1692e(10) by including the IRS reporting language in Defendant's Collection Letter without disclosing what amount of the reduction in the Alleged Debt represented in the settlement offer consists of principal as opposed to interest, fees and/or other non-principal amounts. This statement and omission would impair the least sophisticated consumer's ability to respond to Defendant's Collection Letter. *See, e.g., Schendzielos v. Borenstein*, 15-CV-00564-RBJ, 2016 WL 614473, at *8 (D. Colo. Feb. 16, 2016)(recognizing that "statements and omissions" are materially misleading where they "could impair the average debtor's ability to make an intelligent decision about how to respond").

e. Sections 1692e and 1692e(10) by including the IRS reporting language in Defendant's Collection Letter without disclosing the existence of the numerous exceptions to the reporting requirement. This statement and omission would impair the least sophisticated consumer's ability to respond to Defendant's Collection

Letter.

f. Section 1692e(5) by threatening that Defendant's client would notify the IRS in the event Plaintiff settled the Alleged Debt for any amount less than the current balance due and/or on the terms offered in Defendant's Collection Letter.

g. Section 1692f using unfair or unconscionable means in Defendant's Collection Letter. Specifically, Defendant's Collection Letter unfairly and/or unconscionably implied that a settlement of the Alleged Debt for less than the current amount due would have tax consequences for Plaintiff when Defendant knew that implication to be untrue. *See, e.g., Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1023 (S.D. Ohio 2007)(noting that two "hallmarks of unconscionability" are "a superior economic position and level of sophistication").

48. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, confusion, deception, anxiety and worry, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

## COUNT II – VIOLATION OF THE FCCPA

49. Plaintiff re-asserts and re-alleges paragraphs 1 through 42 as if fully restated herein.

50. Defendant, by and through Defendant's Collection Letter, asserted that Defendant's client had the legal right, pursuant to IRS requirements, to notify the IRS in the event the Alleged Debt was settled for any amount less than the current balance due.

51. At the time Defendant's Collection Letter was sent, Defendant knew that Defendant's client did not have the legal right to notify the IRS in the event the Alleged Debt was settled for any amount less than the current balance due.

52. Defendant, by and through Defendant's Collection Letter, violated Section 559.72(9), Florida Statutes, by asserting the existence of a legal right with knowledge that the right does not exist.

53. As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited to fear, stress, confusion, deception, anxiety and worry, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

## DEMAND FOR JURY TRIAL

54. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(b) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) A declaration that Defendant's collection effort as detailed herein violate the FCCPA;

(e) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(f) Any other relief that the Court deems appropriate and just under the circumstances.

DATED: November 7, 2016

**[Attorney signature appears on the following page]**

Respectfully Submitted,

 /s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 102808
**RASLAVICH LAW, P.A.**
3225 S. MacDill Ave., Suite 129-272
Tampa, Florida 33629
P: 813-422-7782; F: 813-422-7783
E-mail:    Ben@raslavichlaw.com
Counsel for Plaintiff

**EXHIBIT A**

Southgate, MI 48195-0002

**PRIORITY MESSAGE**

APRIL 4, 2016

Sherry Lohr
305 Zoller St
Brooksville, FL 34601-1931

**Harvard Collection Services Inc**
4839 N Elston Avenue
Chicago, IL 60630-2534
HAVEN EMERGENCY PHYSICIAN

**ACCOUNT IDENTIFICATION**
Current Creditor : PENDRICK CAPITAL PARTNERS II
Original Creditor : HAVEN EMERGENCY PHYSICIAN
Account Number : ▮7197
Reference Number : ▮7767
Patient's Name : Lohr, Sherry S
Amount Owed : $ 3144.00
Settlement Amount : $ 2043.60

Our client has authorized us to settle your obligation for 65% of the Total Amount Due. To accept this offer, pay $ 2043.60 within 30 days of the receipt of this letter. This settlement offer is guaranteed for no longer than 30 days. Upon expiration we reserve the right to modify or revoke it. You may contact our office to discuss an extension of this offer or for alternate payment arrangements.

Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, we will assume that it is valid. If you do dispute it and notify us in writing to that effect, we will obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

If you request proof of the debt or the name and address of the original creditor within the 30 day period that begins with your receipt of this letter, the law requires us to suspend our efforts to collect the debt until we mail the requested information to you.

Recovery Unit 888-973-5741
Harvard Collection Services, Inc.

*The IRS requires financial institutions to annually report all debt cancellations of $600 or more. If the principal balance discharge is $600 or more, our client is required to report the discharge to the IRS. You may want to consider consulting your tax advisor as to any effect this may have on your financial situation.*

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Sending an eligible check for payment to us is deemed sufficient authorization to complete the payment by electronic debit. By doing so, your checking account will be debited for the amount of the check and your cancelled check will not be returned to your bank.

---

Detach and Return with Payment
Enter the requested information in the spaces provided below:

**To pay by credit card, please complete the information below:**

Check one:   ☐ Visa      ☐ MasterCard

Card Number: ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐

Expiration Date: ☐☐☐☐

Payment Amount: _____

Signature: _____

Enclosing this notice with your payment
will expedite credit to your account.

Make checks payable and send to
Harvard Collection Services, Inc.

Creditor : PENDRICK CAPITAL PARTNERS II
Client Account # : ▮7197
Identification No. : ▮7767
Date of Service : 06-26-14
Patient's Name : Lohr, Sherry S
Amount Owed : $ 3144.00
Settlement Amount : $ 2043.60

Harvard Collection Services, Inc.
4839 N Elston Avenue
Chicago, IL 60630-2534

HRVD/HCSPEN65    033 61304441    3541/0001771/00008

HCSPEN65

Our client, Pendrick Capital Partners II, LLC ("Pendrick CP II") has asked us to provide you with the information contained below. This notice is being provided to you in compliance with the Gramm-Leach-Bliley Act.

This notice has no reflection or bearing upon the status of your account. For example, if your account has been settled, the balance has been paid, the balance has been disputed, or if you have filed for bankruptcy protection, the status of your account shall not change as a result of this notice.

The privacy and security of your personal information is important to Pendrick CP II, Pendrick CP II does not share information about you with anyone, except as permitted by law. This notice will inform you about Pendrick CP II policies and procedures concerning the personal information about that Pendrick CP II obtains, maintains and discloses in connection with the account(s) of your that Pendrick CP II owns. Pendrick CP II collects nonpublic information about you that is obtained from one or more of the following sources.

1. Information Pendrick CP II received from companies that sold Pendrick CP II your account(s)
2. Information about your transactions with Pendrick CP II affiliates ; and
3. Information from skip tracing companies and/or consumer reporting agencies

INFORMATION PENDRICK CP II MAY SHARE WITH PENDRICK CP II AFFILIATES – Pendrick CP II may share identification (such as name and address) information about Pendrick CP II transactions and experiences with you (such as payment history) and information that does not identify you, with Pendrick CP II affiliates. By sharing this information, Pendrick CP II is better able to service your account(s).

INFORMATION PENDRICK CP II MAY SHARE WITH NONAFFILIATED COMPANIES – Pendrick CP II shares all of the information Pendrick CP II collects about you, as described above, with non affiliated companies, as permitted by law, to assist in the servicing of your account(s). For example, Pendrick CP II:

1. May share information about you with companies that Pendrick CP II uses to perform account servicing functions to manage and maintain your account and to process transaction you have authorized; and
2. May report information about you to consumer reporting agencies, government agencies in response to a subpoena, or others in connection with investigations.

Because Pendrick CP II respects your privacy, Pendrick CP II does not sell, trade or otherwise disclose your identity or any other personal information about you to third parties for their marketing. Pendrick CP II does not share collected information about customers or former customers with third parties for any other purpose, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

CONFIDENTIALITY AND SECURITY OF YOUR ACCOUNT(S) – Pendrick CP II restricts access to nonpublic personal information about you to only those employees who need to know such information, and third party service providers who provide support services to Pendrick CP II, Pendrick CP II maintains physical, electronic and procedural safeguards to protect your personal information. If Pendrick CP II uses other companies to provide services for Pendrick CP II, Pendrick CP II requires them to keep the information Pendrick CP II shares with them safe and secure and Pendrick CP II does not allow them to use or share information for any purpose other than the job they are hired to do.

**Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.** This Privacy Notice is being sent to you by Pendrick CP II in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

FURTHER INFORMATION: for additional information concerning Pendrick CP II privacy policy, you may write to Pendrick CP II at: Pendrick Capital Partners II, LLC Attn: Customer Service, 79 Warren St, Suite 2c, Glens Falls. NY 12801.

HRVD/HCSPEN65/007197    033 61304441    3542/0001771/00008